**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

*In re* **M.D., D.M., and A.M.**

**No. 25-169** (Kanawha County CC-20-2023-JA-130, CC-20-2023-JA-272, and CC-20-2023-JA-273)

## MEMORANDUM DECISION

Petitioner Mother V.M.[1] appeals the Circuit Court of Kanawha County's February 3, 2025, order terminating her parental rights to M.D., D.M., and A.M., arguing that the circuit court erred in its adjudication of D.M. and A.M. and by terminating her parental rights to all three children.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming, in part, and vacating, in part, the circuit court's February 3, 2025, order, and remanding the matter is appropriate in accordance with the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure.

In April 2023, the DHS filed an abuse and neglect petition alleging, in pertinent part, that the petitioner failed to provide M.D. with necessary food, clothing, supervision, and housing based on the child's disclosures that when she resided with the petitioner, they were frequently homeless or lived with an inappropriate individual, the petitioner's ex-boyfriend. M.D. disclosed witnessing the petitioner and her ex-boyfriend abuse substances and that the ex-boyfriend physically abused her. Subsequently, in September 2023, the DHS filed a report stating that M.D.'s half-siblings, D.M. and A.M., disclosed that when they were living with the petitioner, the two children witnessed substance abuse, domestic violence, physical abuse of another child in the home, and were subject to unstable housing conditions as the petitioner would live with different men. Accordingly, the DHS amended the petition to include D.M. and A.M. However, no abuse and neglect allegations pertaining to these children, such as those outlined in the DHS's report, were incorporated in the amended petition. Rather, the amended petition merely listed the children's names and current custody arrangements.

At the adjudicatory hearing, which concluded in March 2024, the petitioner stipulated to neglecting M.D. due to her failure to provide suitable housing for this child. The circuit court

---

[1] The petitioner appears by counsel Alan Nichols. The West Virginia Department of Human Services ("DHS") appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Heather L. Olcott. Counsel Matthew Smith appears as the children's guardian ad litem ("guardian").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

1

accepted this stipulation and adjudicated the petitioner as a neglectful parent of M.D. but made no findings pertaining to D.M. and A.M. The petitioner then filed a motion for a post-adjudicatory improvement period, to which the DHS objected because the petitioner was living with a registered sex offender. The circuit court held the petitioner's motion in abeyance, explicitly telling the petitioner that "she [would] have to take steps to separate herself from this individual" to demonstrate that an improvement period would be appropriate. At a review hearing in November 2024, the petitioner testified that she had maintained her own residence since 2022. However, the petitioner confirmed that she still resided and was in a relationship with the registered sex offender. When asked if she would be willing to leave this relationship, the petitioner declined, stating that it would be financially impossible for her to live on her own. The DHS again opposed the petitioner's motion, highlighting that the court explicitly told the petitioner to separate from this individual but she failed to take any steps to do so. The circuit court denied the petitioner's motion for an improvement period, finding that her living situation remained improper and that she did not intend to rectify this issue.

In January 2025, the circuit court held a dispositional hearing. A DHS worker testified that the petitioner continued to reside with the registered sex offender despite being repeatedly informed that reunification with her children would be impossible if she failed to separate herself from this individual. According to the DHS, the petitioner refused to leave the relationship because she claimed that she could not afford to live on her own and loved this man. The DHS worker stated that it offered the petitioner alternative housing assistance by providing letters to accelerate her HUD housing application. However, the petitioner stated that she was denied HUD housing because her income was too high and that "it[ was] not the fact of being able to afford [her] own place, it[ was] being able to get [her] own place" that was the issue. The guardian highlighted that based on M.D.'s disclosures and the petitioner's testimony, the petitioner's inability to maintain suitable housing had been ongoing since 2022 as she was homeless or repeatedly lived with inappropriate individuals. Ultimately, the circuit court found that the petitioner failed to "make sufficient effort to rectify" the condition of unsuitable housing, despite being afforded almost twenty-two months to do so. As such, the circuit court found that there was no reasonable likelihood that the petitioner could substantially correct the conditions of neglect in the near future and that termination was necessary for the children's welfare. Therefore, the circuit court terminated the petitioner's parental rights to M.D., D.M., and A.M.[3] It is from the circuit court's dispositional order that the petitioner now appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's substantive rulings for abuse of discretion, factual findings for clear error, and issues of law are reviewed de novo. Syl. Pt. 1, *In re K.S.*, -- W. Va. --, -- S.E.2d --, 2026 WL 1362143 (W. Va. May 15, 2026). To begin, the petitioner asserts that the circuit court erred in terminating her rights to M.D. because she corrected the issue of unsuitable housing. We disagree. Pursuant to West Virginia Code § 49-4-604(c)(6), circuit courts are permitted to terminate parental rights "[u]pon a finding that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and, when necessary for the welfare of the child."

---

[3] M.D.'s father's parental rights were also terminated. The permanency plan for this child is adoption in her current placement. Permanency for D.M. and A.M. has been achieved as the children remain with their nonabusing father.

According to West Virginia Code § 49-4-604(d), "'[n]o reasonable likelihood that conditions of neglect or abuse can be substantially corrected' means that . . . the abusing adult . . . [has] demonstrated an inadequate capacity to solve the problems of abuse or neglect on [her] own or with help." Here, the petitioner stipulated to, and was adjudicated for, her failure to provide suitable housing as she was either homeless or resided with inappropriate individuals—a fact that she does not challenge on appeal. The petitioner continued this behavior as she admittedly remained in a relationship with a registered sex offender throughout the entirety of the case, despite being informed by both the DHS and the circuit court that she must remove herself from such situation. The petitioner further testified that she intended to remain in her relationship with this person in spite of the negative impact her choice had on reunification, intentionally and knowingly choosing to take no steps to correct this condition of neglect. Although the petitioner argues that she remained in the relationship due to financial reasons, on cross-examination she testified that affordability was not an issue. The guardian also highlighted the lengthy timeline of the petitioner's failure to maintain suitable housing as this issue had been ongoing since 2022. Therefore, the petitioner's demonstrated unwillingness to take any steps towards rectifying the issue of unsuitable housing provided the circuit court with ample evidence to find that there was no reasonable likelihood that she could substantially correct the conditions of neglect in the near future. Additionally, due to the child's need for stability and permanency, the circuit court also had sufficient evidence to find that termination was necessary for M.D.'s welfare—a finding the petitioner does not challenge on appeal. Thus, we conclude that the circuit court did not err in terminating the petitioner's parental rights to M.D.

However, because the DHS failed to include any allegations of abuse or neglect regarding D.M. and A.M. in its amended petition, and because the circuit court failed to properly adjudicate both D.M. and A.M., vacation of the termination of the petitioner's parental rights to these two children is warranted. West Virginia Code § 49-4-601(b) requires that an abuse and neglect petition "allege specific conduct including time and place [and] how the conduct comes within the statutory definition of neglect or abuse[.]" This requirement ensures that a parent's due process rights are protected as it "afford[s] the charged parent with notice of why the termination proceeding is being conducted and . . . an opportunity to address the charge." *In re Samantha M.*, 205 W. Va. 383, 393, 518 S.E.2d 387, 389 (1999). Here, the DHS failed to include any abuse or neglect allegations regarding D.M. and A.M. within its amended petition, merely stating the children's names and custody arrangements instead. Although the petitioner stipulated to neglecting M.D., this stipulation was insufficient to adjudicate her of neglecting the remaining children. *See In re H.B.*, 252 W. Va. 350, 357-58, 922 S.E.2d 350, 357-58 (2025) ("Because the statutory definition of abuse specifically states that abuse can be automatically imputed from one child to others in the home, and the neglect statute does not contain the same language, neglect of one child may not be automatically imputed to other children in a home"). Further, the DHS failed to produce any evidence of how D.M. and A.M. were abused or neglected, and the circuit court failed to make any specific adjudicatory findings regarding D.M. and A.M. We have explicitly held that "[s]pecific findings of fact explaining how each child's health and welfare is being harmed or threatened by the abusive or neglectful conduct of the parties named in the petition are a statutory prerequisite for the circuit court to proceed to the dispositional phase." Syl. Pt. 4, *In re R.M.*, 252 W. Va. 422, 923 S.E.2d 352 (2025); *see also In re K.L.*, 247 W. Va. 657, 666, 885 S.E.2d 595, 604 (2022) ("[T]ermination of parental rights may not be fundamentally premised on conditions of abuse and/or neglect upon which a parent has not been properly adjudicated."). Accordingly, under

3

these circumstances, we conclude that the circuit court committed error in proceeding to terminate the petitioner's rights to D.M. and A.M. Such error demands that we vacate the circuit court's February 3, 2025, dispositional order, in part, as it relates to D.M. and A.M., and remand the case to comply with the rules governing abuse and neglect proceedings. *See* Syl. Pt. 5, in part, *In re Edward B.*, 210 W. Va. 621, 558 S.E.2d 620 (2001) ("Where it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes . . . has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order.").[4]

For the foregoing reasons, we affirm the circuit court's February 3, 2025, dispositional order with respect to M.D., and we vacate the order, in part, as it pertains to the termination of the petitioner's parental rights to D.M. and A.M., and we remand the case for further proceedings consistent with this decision. On remand, the circuit court is directed to permit the DHS to file an amended petition and hold a new adjudicatory hearing on the amended petition. The circuit court is further directed to undertake any additional proceedings consistent with these applicable rules and statutes. The Clerk is hereby instructed to issue the mandate forthwith.

Affirmed, in part, vacated, in part, and remanded.

**ISSUED:** June 24, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice H. L. Kirkpatrick
Justice James W. Flanigan

---

[4] We note that below, the petitioner did not raise any objection to the sufficiency of the amended petition or her adjudication of D.M. and A.M. and has, thus, waived her right to raise these issues on appeal. *See In re R.M.*, 252 W. Va. at --, 923 S.E.2d at 365 ("Because the circuit court's failure to make specific findings of fact does not deprive the circuit court of subject matter jurisdiction, it can be waived."). "However, even if an error is waived by a failure to object in an abuse and neglect case, it may still be subject to scrutiny by this Court if the circuit court's error presented a substantial frustration or disregard for the applicable abuse and neglect statutes and rules[.]" *Id.* at --, 923 S.E.2d at 265-66.